UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TROY D. WADE (#305401)**                                    **CIVIL ACTION**

**VERSUS**

**BURL N. CAIN, ET AL.**                                     **NO. 09-0695-RET-CN**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, June 7, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**TROY D. WADE (#305401)**                                    **CIVIL ACTION**

**VERSUS**

**BURL CAIN, ET AL.**                                         **NO. 09-0695-RET-CN**

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

This matter comes before the Court on the defendants' Motion to Dismiss All Official Capacity Claims and Individual Capacity Claims as to Defendants Cain, Calvert and Brengettsy, rec.doc.no. 19. This motion is opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Ass't. Warden John L. Calvert, Sgt. Andrea D. Ferguson and Major Steve Brengettsy, complaining that his constitutional rights were violated on May 13, 2009, when defendant Ferguson subjected him to a sexual assault, and when defendant Brengettsy thereafter retaliated against the plaintiff for reporting the assault.[1] This retaliation allegedly took the form of a wrongful disciplinary report which apparently resulted in the plaintiff being subjected to a denial of outdoor exercise for a period of 62 days. In addition, the plaintiff complains that this was not the first time that defendant Ferguson subjected him to a sexual assault inasmuch as she also

---

[1] In his original Complaint, the plaintiff also listed as defendants Major Chad Oubre, Capt. Joseph Barr and Capt. Patrick Woods. However, in response to a deficiency notice, the plaintiff resubmitted his Complaint without these defendants. Interpreting the plaintiff's Amended Complaint as superceding the original Complaint, see <u>King v. Dogan</u>, 31 F.3d 344 (5th Cir. 1994), the Court will not interpret the plaintiff's claims herein as including Major Chad Oubre, Capt. Joseph Barr and Capt. Patrick Woods as defendants.

allegedly assaulted him on November 12, 2008.

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, ____ U.S. ____, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6).  The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).  Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the "formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." Bell Atl. Corp. v. Twombly, supra.  See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).  The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id.  The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra).  A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In his Complaint, the plaintiff alleges that on May 13, 2009, defendant Andrea Ferguson came to the plaintiff's cell, stuck her arm through the bars, started touching him, and then reached down and tried to grab his crotch, whereupon the plaintiff jumped away. When the plaintiff reported this incident, he was allegedly retaliated against by defendant Steve Brengettsy, who issued the plaintiff a disciplinary report, resulting in the plaintiff allegedly being denied outdoor exercise for a period of 62 days. In addition, the plaintiff complains that defendant Ferguson previously subjected him to a sexual assault on November 12, 2008, on which date, she came to his cell and fondled him until he ejaculated. She also attempted to coerce the plaintiff into sending $200.00 to a family member of the defendant, "for performing sexual acts". Finally, the plaintiff asserts that defendants Burl Cain and John Calvert were notified of defendant Ferguson's alleged wrongful conduct but did nothing in response.

In the instant motion, the defendants correctly point out that the plaintiff, in his original and first Amended Complaint, failed to indicate whether he was suing the defendants in their individual and/or their official capacities. It is the usual practice of this Court,

however, when a pro se plaintiff has failed to indicate in what capacity he has sued the defendants, to interpret the Complaint liberally as naming the defendants in both capacities. See Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Accordingly, it is appropriate for the Court to address the plaintiff's claims for monetary damages asserted against the defendants in both capacities.

The Eleventh Amendment to the United States Constitution prohibits the bringing of a lawsuit in federal court against a state, its agencies, or persons acting as official representatives thereof. In Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), the United States Supreme Court addressed the distinction between official capacity suits and individual capacity suits and made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.[2] Id. Accordingly, the defendants' motion is well-taken in this regard, and the plaintiff's claim for monetary damages asserted against the defendants in their official capacities should be dismissed.

The defendants also seek dismissal of the plaintiff's claims asserted against defendants Cain, Calvert and Brengettsy in their individual capacities. Addressing first the plaintiff's claim against defendants Cain and Calvert, the Court finds that the defendants' motion

---

[2] In comparison, a suit against a state official in his individual or personal capacity, seeking to impose individual liability upon a government official for actions taken by the official under color of state law, is not treated as a suit against the state. Thus, a showing by the plaintiff that a defendant state official, acting individually and under color of state law, has caused the deprivation of the plaintiff's federal rights, is enough to establish personal liability in a § 1983 lawsuit. Id. Further, a state official in his or her official capacity, when sued for injunctive relief, is not a prohibited defendant because official capacity actions for prospective relief are not treated as actions against the state. Will v. Michigan Department of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989). See also 15 Am.Jur.2d Civil Rights § 101.

is well-taken. In this regard, pursuant to well-settled legal principles, in order for a prison official to be found liable under § 1983, the official must have been personally involved in conduct causing an alleged deprivation of constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756, at 768 (5th Cir. 1983). Any allegation that defendants Cain and Calvert are responsible for the actions of their subordinates or co-employees is insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. Lozano v. Smith, supra.

Applying the foregoing standard, and upon a review of the plaintiff's Complaint, it appears that the plaintiff has made no allegation that defendants Cain or Calvert have taken any action which may be characterized as a violation of the plaintiff's constitutional rights. Specifically, he makes no assertion that these defendants participated directly or personally in the referenced incidents of November 12, 2008, or May 13, 2009, or had any involvement with the plaintiff's disciplinary proceedings in May, 2009. The sole allegation which the plaintiff makes against these defendants is that they were "notified" of the 2009 incident and did nothing about it. This assertion does not state a claim of personal participation by these supervisory officials. Pursuant to Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005), the plaintiff is not constitutionally entitled to an investigation of his

complaints or to a favorable response thereto. Accordingly, the plaintiff's claim regarding any alleged failure of defendants Cain and Calvert to properly investigate or respond upon being "notified" of the alleged wrongful conduct of defendant Ferguson is without legal foundation. These defendants, therefore, are entitled to dismissal from this proceeding.

Turning to the plaintiff's claim asserted against defendant Steve Brengettsy, the Court concludes that the defendant's motion should be denied at the present time. The plaintiff alleges as to this defendant that "on 5-13-09 [the date upon which the alleged sexual abuse occurred and upon which the plaintiff allegedly reported the abuse], Major Steve Brengettsy retaliated against me for reporting this incident. I was issued a Rule 30-W from Major Steve Brengettsy for reporting that I was sexually assaulted by Sergeant Andrea Ferguson. Also because of this incident I was deprived of no outdoor exercise for 62 days." Although this bare-bones allegation is admittedly lacking in factual development, the Court finds that it is sufficient at this juncture to state a claim against this defendant.

Whereas the issuance of a false or wrongful disciplinary report does not, without more, amount to a denial of due process, See Collins v. King, 743 F.2d 248 (5th Cir. 1984), the law is clear that the issuance of such a report in retaliation for the inmate's exercise of his constitutional rights is itself a violation of his constitutional rights. Ruiz v. Estelle, 679 F.2d 1115 (5th Cir.), opinion amended in part and vacated in part, 688 F.2d 266 (1982), cert. denied, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983); Gibbs v. King, 779 F.2d 1040 (5th Cir.), cert. denied, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986). Specifically, prison officials are not allowed to retaliate against an inmate because of the inmate's exercise of his First Amendment right to complain to supervisory officials about the alleged wrongful

conduct of prison security officers. <u>Ruiz v. Estelle</u>, 679 F.2d 1115 (5th Cir.), <u>opinion amended in part and vacated in part</u>, 688 F.2d 266 (1982), <u>cert. denied</u>, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983); <u>Gibbs v. King</u>, 779 F.2d 1040 (5th Cir.), <u>cert. denied</u>, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986). An inmate's right to complain, however, is limited to the making of non-frivolous complaints involving the assertion of legitimate constitutional rights, <u>Johnson v. Rodriguez</u>, 110 F.3d 299 (5th Cir. 1997); <u>see also</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); <u>Tighe v. Wall</u>, 100 F.3d 41 (5th Cir. 1996); <u>Woods v. Smith</u>, 60 F.3d. 1161 at 1166 (5th Cir. 1995), <u>cert. denied</u>, 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996). In addition, inasmuch as claims of retaliation are not favored, it is the plaintiff's burden to provide more than mere conclusory allegations of retaliation:

> To state a claim of retaliation an inmate must ... be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred. This places a significant burden on the inmate.... The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.

<u>Woods v. Smith</u>, <u>supra</u>, 60 F.3d. at 1166. Further, in order to sustain a showing of a constitutional violation, the plaintiff must assert more than a de minimis or inconsequential "retaliatory adverse act." <u>Morris v. Powell</u>, 449 F.3d 682 (5th Cir.), <u>cert. denied</u>, 549 U.S. 1038, 127 S.Ct. 596, 166 L.Ed.2d 443 (2006).

Applying the foregoing standard, it appears that the plaintiff's allegations against defendant Brengettsy are adequate at this stage of the proceedings to state a claim of retaliation. He has alleged that defendant Brengettsy issued the complained-of disciplinary report on the same date that the alleged sexual assault occurred, and that it was issued specifically in response to the plaintiff having complained regarding the assault allegedly committed by defendant Ferguson. As a result of the charged disciplinary violation, the plaintiff alleges that

he was denied all opportunity for exercise for a period in excess of two months.  In the Court's view, these allegations are sufficient to provide a "chronology of events from which retaliation may plausibly be inferred".  <u>Woods v. Smith</u>, <u>supra</u>.  Upon a subsequent motion for summary judgment, the parties will be able to present evidentiary materials which may show the absence of a disputed issue of material fact relative to this claim, but for now, the claim should be allowed to proceed.

<u>RECOMMENDATION</u>

It is recommended that the defendants' Motion to Dismiss All Official Capacity Claims and Individual Capacity Claims as to Defendants Cain, Calvert and Brengettsy,  rec.doc.no. 19, be granted in part, dismissing the plaintiff's claim asserted against defendants Burl Cain and John Calvert, with prejudice, and dismissing the plaintiff's claim asserted against defendant Steve Brengettsy in the defendant's official capacity only.  It is further recommended that this matter be referred back for further proceedings in connection with the plaintiff's claims asserted against defendants Steve Brengettsy and Andrea Ferguson.

Signed in chambers in Baton Rouge, Louisiana, June 7, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**