# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

TROY D. WADE (#305401)                                    CIVIL ACTION

VERSUS

BURL N. CAIN, ET AL.                                      NO. 09-0695-RET-CN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, January 13, 2011.


                                    **MAGISTRATE JUDGE CHRISTINE NOLAND**

TROY D. WADE (#305401)                          CIVIL ACTION

VERSUS

BURL CAIN, ET AL.                               NO. 09-0695-RET-CN

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion for Summary Judgment, rec.doc.no. 54. This motion is opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Ass't Warden John L. Calvert, Sgt. Andrea D. Ferguson and Major Steve Brengettsy, complaining that his constitutional rights were violated on May 13, 2009, when defendant Ferguson subjected him to a sexual assault and when defendant Brengettsy thereafter retaliated against the plaintiff for reporting the assault.[1] This retaliation allegedly took the form of a wrongful disciplinary report which resulted in the plaintiff being subjected to a denial of outdoor exercise for a period of 62 days. In addition, the plaintiff complains that this was not the first time that defendant Ferguson subjected him to a sexual assault inasmuch as she also allegedly assaulted him on November 12, 2008. Pursuant to earlier Report and Recommendation, approved by the District Judge on August 24, 2010, see rec.doc.nos. 52 and 74, the plaintiff's claims against defendants N. Burl Cain and John L. Calvert have been dismissed, as have the plaintiff's claims asserted against defendant Steve Brengettsy in the defendant's

---

[1]      In his original Complaint, the plaintiff also listed as defendants Major Chad Oubre, Capt. Joseph Barr and Capt. Patrick Woods. However, in response to a deficiency notice, the plaintiff resubmitted his Complaint and omitted these persons as defendants therein. Interpreting the plaintiff's Amended Complaint as superceding the original Complaint, see King v. Dogan, 31 F.3d 344 (5th Cir. 1994), the Court will not interpret the plaintiff's claims herein as including Major Chad Oubre, Capt. Joseph Barr and Capt. Patrick Woods as defendants.

official capacity.

The defendants now move for summary judgment, relying upon the pleadings, a Statement of Uncontested Facts, and the affidavits of Michele Piazza, Trish Foster and Eli Wilson.

Summary Judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

In his Complaint, the plaintiff alleges that on May 13, 2009, defendant Andrea Ferguson came to the plaintiff's cell, stuck her arm through the bars, started touching him, and then reached down and tried to grab his crotch, whereupon the plaintiff jumped away. When the plaintiff reported this incident, he was allegedly retaliated against by defendant Steve Brengettsy, who issued the plaintiff a disciplinary report, resulting in the plaintiff being placed in segregated confinement and being denied outdoor exercise for a period of 62 days. In addition, the plaintiff complains that defendant Ferguson previously subjected him to a sexual assault on November 12, 2008, on which date, she came to his cell and fondled him until he ejaculated. She also allegedly attempted at that time to coerce the plaintiff into sending $200.00 to a family member, "for performing sexual acts".

In response to the plaintiff's allegations, the defendants initially assert that the plaintiff has failed to exhaust administrative remedies relative to certain of his claims. In this regard, pursuant to 28 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this

Court with respect to prison conditions.[2]  This provision is mandatory and applies broadly to "all suits about prison life".  Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.ed.2d 12 (2002).  Further, a prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions.  Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004).  Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules.  Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).  The primary purpose of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'".  Johnson v. Johnson, supra.

Turning first to the incident which allegedly occurred on May 12, 2009, on which date defendant Ferguson allegedly came to the plaintiff's cell for the purpose of sexually assaulting him, the defendants contend that the records of the prison reflect that the plaintiff filed only a disciplinary appeal from the referenced disciplinary charge, and they contend that this appeal did not properly exhaust administrative remedies relative to this claim.

This contention appears to have merit.  Although the plaintiff mentions in the referenced disciplinary appeal that he was allegedly sexually assaulted by defendant Ferguson, the Court does not find that this disciplinary appeal was sufficient for exhaustion of administrative remedies relative to this claim.  Specifically, there is a two-step Administrative Remedy Procedure ("ARP") available to inmates for

---

[2]     42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

complaints or grievances seeking "monetary, injunctive, declaratory, or any other form of relief ... includ[ing] actions pertaining to conditions of confinement, personal injuries, [and] medical malpractice ...." <u>See</u> Louisiana Administrative Code 22:I:325(B). <u>See also</u> La. R.S. 15: 1172. According to the records of the prison, however, the plaintiff failed to utilize this procedure to complain of the alleged sexual assault occurring in May, 2009. Instead, he submitted only the referenced disciplinary appeal from the resulting disciplinary charge. The disciplinary appeal procedure, however, is a specialized procedure limited to the assertion of claims arising in the context of disciplinary proceedings and is not appropriate for claims seeking monetary damages arising from an assault by a prison official. This is specifically recognized in the Louisiana Administrative Procedure statute wherein it is stated that one of the few exceptions to the ARP process is regarding "disciplinary matters", for which "[t]here are specialized administrative remedy procedures in place ...." <u>See</u> Louisiana Administrative Code 22:I:325(F)(1)(a)(ii). Accordingly, the plaintiff's disciplinary appeal was not the appropriate means for asserting his separate and independent claim relative to the alleged offense committed by defendant Ferguson. <u>See</u> <u>Spencer v. Cain</u>, 2008 WL 4712825 (Oct. 23, 2008, M.D. La.) ("Plaintiff's mention of free speech, retaliation and conspiracy claims in his disciplinary board appeal is insufficient to satisfy § 1997e's proper exhaustion requirement. When the plaintiff raised these issues in his disciplinary board appeal rather than in a two-step Administrative Remedy Procedure, he failed to follow the proper procedures adopted by the prison system."). <u>Cf.</u>, <u>Richardson v. Spurlock</u>, 260 F.3d 495 (5th Cir. 2001) (affirming dismissal of inmate's claim for failure to exhaust administrative remedies where the inmate "incorrectly filed an administrative appeal rather than a disciplinary appeal"). Accordingly, the Court finds that the plaintiff has failed to exhaust his claim

asserted against defendant Ferguson regarding the alleged sexual assault occurring on May 12, 2009.

Notwithstanding the foregoing, the plaintiff asserts that he did in fact submit an administrative grievance, in proper form, relative to his claim arising in May, 2009, and he has attached a copy of the purported administrative grievance, dated July 14, 2009, which he contends that the defendants ignored. <u>See</u> rec.doc.no. 68. This contention, even if true, is not persuasive for several reasons. In the first place, the grievance, a copy of which is attached to the plaintiff's Opposition, rec.doc.no. 68, does not mention defendant Ferguson by name, and one would expect the plaintiff to identify in his grievance the security officer of whom he is complaining. <u>See</u> <u>Johnson v. Johnson</u>, <u>supra</u> (holding that, as a practical matter, in order to provide prison officials an opportunity to address a problem, a grievance should ordinarily "identify individuals who are connected with the problem."). Further, by filing his grievance to prison officials on July 14, 2009, and by then instituting his federal lawsuit herein on August 24, 2009, less than 1½ months thereafter, the plaintiff failed to allow sufficient time for completion of the administrative process,[3] and it is clear that an inmate must complete administrative proceedings prior to commencement of proceedings in federal court. <u>Wendell v. Asher</u>, 162 F.3d 887 (5th Cir. 1998) (holding that § 1997e(a) "plainly requires that administrative remedies be exhausted before the filing of a § 1983 suit, rather than while the action is pending ....") . Finally, the plaintiff may not simply rely upon the alleged failure of prison officials to address his

---

[3] The prison administrative process allows prison officials forty (40) days from receipt of an inmate's grievance to file a response at the first step, after which the plaintiff has five (5) days to appeal to the Secretary of the Louisiana Department of Public Safety and Corrections, who then has an additional forty-five (45) days to submit a response at the Second and final Step, thereby completing the process. <u>See</u> Louisiana Administrative Code 22:I:325(G)(1) and (2).

grievance and argue that, as a result of such failure, he may be deemed to have exhausted administrative remedies. To the contrary, "[t]he failure of prison officials to respond to a grievance does not constitute a valid excuse for failure to exhaust administrative remedies." <u>Johnson v. Cheney</u>, 2008 WL 534606 (N.D. Tex, Feb.8, 2008). <u>See also</u> <u>Curry v. Alexandre</u>, 2006 WL 2547062 (W.D. La., June 19, 2006) ("a plaintiff cannot be excused from the PLRA's mandatory exhaustion requirements based on allegations that his grievance(s) was ignored."). Indeed, the administrative process allows an inmate to proceed to the next level of the administrative process when he fails to receive a timely response at the first level, and there is no suggestion that the plaintiff did so in the instant case. Accordingly, for these reasons, the Court finds that the plaintiff has failed to exhaust administrative remedies relative to his claim asserted against defendant Ferguson relative to the alleged incident occurring on May 12, 2009.[4]

---

[4] Even if the plaintiff may be found to have exhausted administrative remedies relative to his claim arising from the incident of May 12, 2009, the Court finds that the plaintiff's claim relative to this incident is not one of constitutional significance. In this regard, the plaintiff alleges that on that date, defendant Ferguson "came to my cell ... and stuck [her] arm through the bars and started touching me and then reached down and tried to grab my crouch [sic] but I jumped away from the bars." Although the defendant's alleged conduct, if true, is reprehensible and perhaps deserving of censure, not every act of wrongdoing by a prison official gives rise to a federal cause of action. Section 1983 is not a general tort statute. Rather, it imposes liability against state officials only for rights secured by the Constitution and laws of the United States. It does not grant a cause of action for every injury inflicted by a state official. <u>See</u> <u>Shillingford v. Holmes</u>, 634 F.2d 263, 264 (5th Cir. 1981). In the instant case, the plaintiff alleges only an incident of apparent <u>attempted</u> sexual assault occurring on the referenced date, which attempt apparently involved only limited direct physical contact between the plaintiff and defendant Ferguson, and which contact ceased when the plaintiff jumped away from the bars. On this record, the Court concludes that the alleged sexual misconduct by the defendant is not, without more, a claim of constitutional dimension. <u>See</u> <u>Washington v. city of Shreveport</u>, 2006 WL 1778756 (W.D. La. June 26, 2006), and cases cited therein, where relief was denied to a claimant who suffered unwanted sexual harassment over a 4-day period without physical injury or serious psychological injury. <u>Cf.</u>, <u>Adkins v. Rodriguez</u>, 59 F.3d 1034 (10th Cir. 1995) (verbal sexual harassment by jailer, while outrageous and reprehensible, does not amount to a violation of the inmate's Eighth Amendment rights); <u>Petty v. Venus Correctional Unit</u>, 2001

The plaintiff also alleges that, after he accused defendant Ferguson of having committed the referenced sexual assault on May 12, 2009, he was thereafter retaliated against by defendant Brengettsy on May 13, 2009, through the issuance of a wrongful disciplinary report. The Court concludes that this claim, as well, is subject to dismissal for failure to exhaust administrative remedies. In the first place, although the plaintiff filed a disciplinary appeal from the finding of guilt in connection with this report, there is no mention in the plaintiff's appeal of any wrongful action taken by defendant Brengettsy, of any retaliatory motive for the referenced disciplinary charge, or of any denial of exercise resulting from the disciplinary charge or sentence imposed. Accordingly, the Court finds that the referenced disciplinary appeal did not place prison officials on notice that the plaintiff intended to assert a claim specifically against defendant Brengettsy regarding retaliation or regarding a denial of exercise. See Johnson v. Johnson, supra. Further, as with the claim asserted above against defendant Ferguson, the plaintiff's separate administrative grievance, to which prison officials allegedly did not respond, did not serve to exhaust the plaintiff's claims against defendant Brengettsy because the grievance, which did not mention defendant Brengettsy by name, (1) failed to sufficiently place prison officials on notice of this claim, (2) failed to allow prison officials sufficient time to resolve the grievance prior to the filing of suit herein, and (3) was not completed in any event because it was unanswered, and the plaintiff is not entitled to

--------------------------------------------------------

WL 360868 (N.D. Tex. April 10, 2001) (same). Therefore, the plaintiff's claim of sexual harassment occurring on May 12, 2009, is without merit. The Court further notes that pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a ... correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In the instant case, the plaintiff has failed to allege any physical injury resulting from the May 12, 2009, incident which would support a claim for monetary damages relative to this claim.

rely on the mere failure of prison officials to respond to his grievance. These claims asserted against defendant Brengettsy, therefore, should be dismissed for failure of the plaintiff to exhaust administrative remedies. In addition, the Court further notes that the plaintiff's disciplinary appeal was ultimately granted by prison officials and that the disciplinary charge and sentence were expunged from his prison record. As a result, any deleterious effect resulting from the alleged retaliatory disciplinary charge issued by defendant Brengettsy was extinguished and so is not of constitutional significance. See <u>Morris v. Powell</u>, 449 F.3d 682 (5th Cir.), <u>cert. denied</u>, 549 U.S. 1038, 127 S.Ct. 596, 166 L.Ed.2d 443 (2006) (holding that, in order to state a viable claim of retaliation, the plaintiff must assert more than a <u>de minimis</u> or inconsequential "retaliatory adverse act."). Accordingly, defendant Brengettsy is entitled to summary judgment in connection with the plaintiff's claims asserted against him.

Turning to the plaintiff's claims relative to events allegedly occurring on November 12, 2008, the defendants essentially concede that the plaintiff filed an administrative grievance wherein he complained that defendant Ferguson came to his cell on November 12, 2008, and "sexually harassed" him on that date. Accordingly, the Court will treat this claim as having been administratively exhausted. Notwithstanding, it appears that there is no mention in the referenced grievance of any claim that defendant Ferguson attempted to induce the plaintiff, through threats and harassment, to send money to the defendant's relatives. It appears, therefore, that this latter claim has not been presented to prison officials and so has not been administratively exhausted as mandated by 42 U.S.C. § 1997e. Accordingly, this latter claim is subject to dismissal for this reason.

Further, in the alternative, even if the plaintiff may be found to

have administratively exhausted his claim of alleged attempted extortion and harassment (<u>see</u> exhibit D to the plaintiff's Opposition to the defendants' Motion for Summary Judgment, rec.doc.no. 67-1, page 8, which purports to be a separate administrative grievance wherein this claim is asserted), the Court finds that this claim is not one of constitutional magnitude and so should be dismissed.  In this regard, allegations regarding mere threats, verbal abuse and harassment, even if true, do not rise to the level of a constitutional violation under § 1983.  <u>McFadden v. Lucas</u>, 713 F.2d 143 (5th Cir.), <u>cert</u>. <u>denied</u>, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983); <u>Burnette v. Phelps</u>, 621 F.Supp. 1157 (M.D. La. 1985); <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973). Further, inasmuch as the plaintiff concedes that he did not in fact pay any monies to defendant Ferguson or her relative, and inasmuch as it appears, therefore, that he suffered no loss in fact as a result of the purported threats and harassment, his claim against defendant Ferguson regarding such threats, verbal abuse, harassment and attempted extortion is insufficient to state a claim of constitutional dimension.

Finally, turning to the plaintiff's remaining claim, he asserts that defendant Ferguson subjected him to a sexual assault on November 12, 2008.  Specifically, as alleged in the plaintiff's Amended Complaint, the plaintiff asserts that:

> Sergeant Ferguson came to my cell on 11-12-08 with canteen and asked the other sergeant Michael Haney to close the door to my cell.  So he complied to Sergeant Ferguson order.  So while I was signing my canteen sheet Sergeant Ferguson stuck there arm through the bars and started rubbing my chest and arms and reached down and grabbed my crotch.  So Sergeant Ferguson stated to me if I didn't comply to there orders I would be issued a rule violation.  They asked me to pull out of my penis and I did.  So Sergeant Ferguson started stroking my penis until I ejaculated.

<u>See</u> Rec.doc.no. 10 at p. 6.

Although the issue is a close one, the Court concludes that defendant Ferguson is entitled to summary judgment in connection with this claim.  In this regard, the Fifth Circuit has stated that a sexual

assault against an inmate by a prison guard without a lasting physical injury may in some cases be actionable under the Eighth Amendment as an act that is offensive to human dignity. Copeland v. Nunan, 250 F.3d 743 (5th Cir. 2001), citing Schwenk v. Hartford, 204 F.3d 1187 (9th Cir. 2000) (rape of an inmate). See also Boddie v. Schnieder, 105 F.3d 857 (2d Cir. 1997). However, not every malevolent touching by a prison guard, sexual or otherwise, gives rise to a federal cause of action. Hudson v. McMillan, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). A sexual assault violates the Eighth Amendment only if it meets a two-part test consisting of an objective element and a subjective element. First, the sexual abuse or assault must be objectively sufficiently serious; second, the prison official involved must have acted with deliberate indifference, i.e., with a sufficiently culpable state of mind. See Boddie v. Schnieder, supra, Copeland v. Nunan, supra. Further, 42 U.S.C. § 1997e(e) provides that an inmate may not recover damages for mental or emotional injuries in the absence of a showing of physical injury. Simply put, a prisoner cannot recover under § 1983 for de minimis uses of physical force and/or for psychological injuries in the absence of a showing of some physical injury. As stated by the Court in Copeland, supra, wherein the Court dismissed a prisoner's alleged that on three separate occasions, a security officer reached his hand into the plaintiff's cell and fondled the plaintiff's penis, "[w]hile violent sexual assaults involving more than de minimis force are actionable under the Eighth Amendment, ... isolated, unwanted touchings by prison employees, though 'despicable and, if true, they may potentially be the basis of state tort actions ... they do not involve a harm of federal constitutional proportions as defined by the Supreme Court." Quoting Boddie v. Schneider, supra . Only "severe or repetitive" sexual abuse rises to the level of an Eighth Amendment violation. Boddie v. Schneider, supra.

In the instant case, the plaintiff has alleged that defendant Ferguson reached through the bars of the plaintiff's cell on November 12, 2008, and fondled him until he ejaculated. He has not alleged, nor is there any medical evidence to suggest, that he sustained any physical injury whatever resulting from this alleged occurrence, or that he suffered any more than minimal psychological injury. Although the actions of defendant Ferguson on November 12, 2008, if they occurred, are indeed despicable, and may form the basis for a state tort claim, these actions do not rise to the level of a constitutional violation under Copeland, supra, or Boddie, supra. Specifically, the Court concludes that this single incident is not severe enough to be objectively sufficiently serious or egregious to state a constitutional violation. Simply put, while the plaintiff has alleged an intentional tort committed by defendant Ferguson, he has not alleged the kind of "severe and repetitive" abuse or wanton and sadistic infliction of pain that rises to the level of an Eighth Amendment violation. Accordingly, this claim should be dismissed.

<u>RECOMMENDATION</u>

It is recommended that the defendants' Motion for Summary Judgment, rec.doc.no. 54, be granted, dismissing the plaintiff's claims asserted against defendants Andrea Ferguson and Steve Brengettsy, and that this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, January 13, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**